[Crim. No. 1575. First Appellate District, Division Two.—July 22, 1930.]

THE PEOPLE, Respondent, v. WILLIAM DAHL, Appellant.

Guy R. McCoy for Appellant.

U. S. Webb, Attorney-General, and W. R. Augustine, Deputy Attorney-General, for Respondent.

NOURSE, P. J.—Two defendants, Stene and Dahl, were tried jointly on an information charging robbery. The jury returned verdicts finding Stene guilty of attempt to commit robbery of the second degree and Dahl guilty of robbery of the second degree. Dahl alone has appealed from the judgment and from the order denying him a new trial.

On October 17, 1929, appellant and Mrs. Carson called upon Mrs. Stewart at her apartment in Oakland. While there Stene appeared and pointed a toy pistol at Mrs.

Stewart with an order to hold up her hands. Mrs. Stewart struck Stene and as he ran from the apartment he was caught and turned over to the police. Nothing of value was taken from Mrs. Stewart, but there was some testimony that in the struggle he obtained an empty key container.

 Through the testimony of Stene the state showed that the robbery was planned by the two defendants; that they were both laborers out of employment and in need of funds; that Dahl learned through Mrs. Carson that Mrs. Stewart had valuable jewelry and suggested that Stene appear at the apartment while Dahl and his companion were visiting Mrs. Stewart and that he should take the rings which she was wearing. It is also in the testimony of this witness that Dahl purchased the toy pistol which he painted black on the afternoon of the occurrence at the home of Mrs. Carson. On the day following a can of black paint and a paint brush were found at Mrs. Carson's home and these were identified by Stene as those used by Dahl in painting the pistol.

On this appeal two points are raised—that the testimony of Stene, who was admittedly an accomplice, was not corroborated, and that the verdict of guilty of robbery cannot be sustained in view of the verdict finding Stene guilty of an attempt only.

On the first point the corroborating evidence is unquestionably weak, but we find it sufficient and within the rule of *People* v. *Yeager*, 194 Cal. 452, 473 [229 Pac. 40].

 On the second point appellant's criticism of the verdict is sound. If Stene, who was the principal actor throughout the occurrence in the apartment, did not succeed in committing a robbery it is apparent that the evidence does not support the verdict of robbery against the appellant. Some testimony was offered that a key container was taken by Stene in the struggle with Mrs. Stewart, but the jury did not believe that testimony as evidenced by its verdict in relation to that defendant. The state does not cite any evidence which would tend to support the verdict of robbery against this appellant. The evidence is sufficient, however, to support a verdict of attempt and the judgment should accordingly be modified under the provisions of section 1181, subdivision 6, of the Penal Code so as to read

"attempt to commit robbery of the second degree" instead of "robbery of the second degree."

As so modified the judgment is affirmed and the order denying a new trial is affirmed.

Sturtevant, J., and Spence, J., concurred.